IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

SEP - 5 2014

Clerk, U S District Court
District Of Montana
Billings



| | |
|---|---|
| VALLEY BAIL BONDS, a Montana Partnership; SCOTT RESTVEDT; and DAVID CROW, <br><br> Plaintiffs, <br><br> vs. <br><br> LINDA BUDESKI, individually and as Justice of the Peace of PARK COUNTY, MONTANA; and PARK COUNTY, MONTANA, a Political Subdivision of the State of Montana, <br><br> Defendants. | CV 14-24-BLG-SPW <br><br> ORDER |

Before the Court are the Findings and Recommendations by United States Magistrate Judge Carolyn Ostby issued on July 25, 2014. In the Findings and Recommendations, Judge Ostby recommends that this Court grant Defendants Justice of the Peace Linda Budeski ("Budeski") and Park County's Motion to Dismiss. Plaintiffs Valley Bail Bonds, Scott Restvedt, and David Crow (collectively "Plaintiffs") timely objected. After conducting a *de novo* review, this Court adopts the Findings and Recommendations in full.

1

## I. Background

For context, this Court will summarize the Plaintiffs' factual allegations. As this matter appears before the Court on a Motion to Dismiss, these factual allegations are presumed true. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Park County criminal defendant Michael Shane Ransom appeared before the Park County Justice Court on July 22, 2013, and the Justice Court set bail at $75,000. (Doc. 1 at 3). After discussions, the Plaintiffs agreed to provide a $75,000 surety bond in exchange for a fee of $7,500. (*Id.*). However, before the Plaintiffs closed the transaction, Ransom's attorney filed a motion before Budeski to allow Ransom to instead post 10% of his bail with the Court as opposed to paying that 10% to a bail bondsman. (*Id.*). Budeski granted the motion and allowed Ransom's release after posting $7,500. (*Id.*). Without providing specific examples, the Plaintiffs allege that sometime prior to July 22, 2013, Budeski began allowing defendants' release after posting 10% of their bond amount instead of requiring full payment. (*Id.* at 2-3).

Based on these allegations, the Plaintiffs filed this action and assert the following five counts:

> (1) **Count One** – that under 42 U.S.C. § 1983, Budeski, acting in her individual capacity, deprived them of their property interest in writing bail bonds without providing due process and in violation of MCA § 46-9-401;

2

(2) **Count Two** – that under 42 U.S.C. § 1983, Park County violated their property and liberty interests by failing to train and supervise Budeski in connection with her bail bonds practices just described;

(3) **Count Three** – that under 42 U.S.C. § 1983, Plaintiffs are entitled to a permanent injunction prohibiting Budeski and other Park County judges from allowing forms of bail not specifically authorized by MCA § 46-9-401;

(4) **Count Four** – that Budeski and Park County have wrongfully interfered with Plaintiffs' business operations by acting as a surety and by competing with Plaintiffs' business; and

(5) **Count Five** – that Plaintiffs are entitled to a declaratory judgment that Budeski's and Park County's "practice of accepting 10% of bail amounts is contrary [to] the forms of bail allowed by [MCA] § 46-9-401 (2013)[ ]".

Budeski and Park County appeared and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. Judge Ostby's Findings and Recommendations

Judge Ostby recommends that Counts One through Four be dismissed with prejudice, and Count Five should be dismissed without prejudice for refiling in state court. As to Count One, Judge Ostby determined that Budeski is entitled to judicial immunity. Judicial officers cannot be held liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity has only two recognized exceptions: (1) actions not taken in a judicial capacity, and (2)

actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judge Ostby found that pursuant to MCA § 46-9-201, Budeski had jurisdiction to not only set bail, but to "increase, reduce, or substitute" previously-set bail. Therefore, Judge Ostby concluded that Budeski acted within her jurisdiction. Judge Ostby further concluded that Budeski acted in a judicial capacity when she agreed to accept only $7,500 of the $75,000 bail. Even assuming the Plaintiffs' alleged facts as true, Judge Ostby found that neither of the exceptions to judicial immunity applies.

As for Count Two, Judge Ostby concluded that Park County could not be found liable for violating the Plaintiffs' property and liberty interests. The alleged violation did not constitute the deprivation of a constitutional right. Alternatively, Judge Ostby found that the Plaintiffs have not alleged the requisite "policy or custom" for Park County to be found liable under 42 U.S.C. § 1983.

On Count Three, Judge Ostby noted that judicial immunity does not apply to prospective relief. However, under 42 U.S.C. § 1983, injunctive relief cannot be granted against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." Judge Ostby found that the Plaintiffs did not allege that Budeski has violated a declaratory decree nor that declaratory relief was unavailable.

On Count Four, Judge Ostby determined that Montana and federal law provide the same judicial immunity analysis. Therefore, she concluded that Count Four as to Budeski should be dismissed for the same reasons as Count One. As to the claim against Park County, Montana law immunizes governmental units for judicial acts. Accordingly, Judge Ostby determined that Park County cannot be held liable for Budeski's acts.

Finally, on Count Five, Judge Ostby recommended that this Court decline to address this issue of state law and allow the Plaintiffs to refile their declaratory judgment claim in state court.

### III. The Plaintiffs' Objections

The Plaintiffs formally raised seven objections to the Findings and Recommendations. Since the Plaintiffs timely objected, the Findings and Recommendations are reviewed *de novo*. 28 U.S.C. § 636(b)(1). Each objection will be addressed separately.

#### *A. Claim that Judge Ostby made erroneous factual findings.*

While not titled as an objection, the Plaintiffs argue that Judge Ostby made erroneous findings and failed accept their factual allegations as true. This argument is meritless. A review of Judge Ostby's factual findings show that she simply restated the factual allegations in the Complaint. For example, the Plaintiffs claim that "First, and perhaps most importantly, the Findings err in

5

concluding that Michael Shane Ransom hade [*sic*] been charged with a crime 'in the Justice Court of Park County.'" (Doc. 10 at 4 (quoting Doc. 9 at 3)). This claimed error is peculiar, considering that Judge Ostby quoted directly from paragraph 9 of the Complaint. *See* Doc. 1 at 3 ("On or about July 22, 2013, Plaintiffs received a call from a party willing to post $7,500 cash in conjunction with a $75,000 bond for one Michael Shane Ransom *who had been charged with a crime in the Justice Court of Park County, Montana* in Cause No. TK-13-18027" (emphasis added)).

Next, the Plaintiffs allege facts that were revealed upon a "[s]ubsequent examination of the District Court record" that include information "not known at the time the original complaint in this matter was filed." Doc. 10 at 4-5. The Plaintiffs acknowledge that this information is contained in the public record, and all additional facts occurred in the summer of 2013. A district court has discretion "to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The court does not abuse its discretion by not considering newly supplied evidence if the information was available to the proposing party before the proceeding began. *Id.* at 623. Here, this Court exercises its discretion and declines to consider the new factual allegations. The Plaintiffs should have been aware of this evidence before the proceedings began, as it occurred at least six months

before the filing of the Complaint. Finally, the newly supplied evidence has no bearing on the outcome. As discussed below, the fact that Ransom was charged with a felony in the Park County District Court is irrelevant to the judicial immunity analysis.

## *B. Objection #1.*

The Plaintiffs' first objection is that Judge Ostby erred in interpreting MCA § 46-9-201 as giving the Justice Court jurisdiction to accept and hold 10% of a felony defendant's $75,000 bail.

In criminal cases brought in the Montana state court system, Justice courts have jurisdiction only over misdemeanor crimes, while district courts have concurrent jurisdiction over some misdemeanors and exclusive jurisdiction over felonies. MCA §§ 46-2-201, 46-2-202, 3-10-303. Upon arrest, an individual must be brought before a judge for an initial appearance. MCA § 46-7-101(1). A justice of the peace may conduct initial appearances for both misdemeanors and felonies. *See* MCA § 46-1-202(10) (defining "judge" as "person who is vested by law with the power to perform judicial functions"). At the initial appearance, the justice of the peace must, among other things, admit the defendant to bail. MCA § 46-7-102(2). For felonies, the prosecution must then either obtain an indictment or move the district court for leave to file an information against the defendant. MCA

§§ 46-11-102, 46-11-201. The defendant must then appear for arraignment before the district court. MCA § 46-12-102.

> MCA § 46-9-201 provides, in part:
>
> A judge may admit to bail any defendant properly appearing before the judge in a bail proceeding. When bound over to any court or judge having jurisdiction of the offense charged, bail must be continued provided that the court or judge having jurisdiction may increase, reduce, or substitute bail.

Thus, at a felony arraignment, the district court can "increase, reduce, or substitute" the bail set at the initial appearance.

Budeski set bail at $75,000 at the initial appearance. As the case was a felony, the Park County District Court had jurisdiction after the State filed its motion for leave to file an information. Viewing the facts in the very best light possible for the Plaintiffs, the District Court assumed jurisdiction over this matter before Budeski accepted $7,500 for Ransom's release.

Assuming all that as true, Budeski may have acted without jurisdiction by reducing or substituting bail after jurisdiction transferred to the District Court. Once a defendant appears before a court having jurisdiction over the charge, "the court or judge having jurisdiction may increase, reduce, or substitute bail." MCA § 46-9-201. The Park County Justice Court did not have jurisdiction of the case after the State proceeded in the District Court. Since the District Court was the

only court having jurisdiction, a plain reading of MCA § 46-9-201 suggests that only the District Court could modify Ransom's bail.

Since the Montana Supreme Court has not ruled on this issue, this Court declines to explicitly hold that as a matter of Montana law a justice court loses the ability to modify bail after the defendant is arraigned in district court. MCA § 46-9-115 certainly contemplates bail set by a court other than the court in which the defendant is charged. However, for purposes of this Order, this Court will assume that Budeski acted without jurisdiction by accepting $7,500 for Ransom's release. Although this differs from Judge Ostby's conclusion, it ultimately does not impact the judicial immunity analysis.

### C. Objection #2.

The Plaintiffs' second objection is that Judge Ostby erred in finding that Budeski is entitled to judicial immunity when Budeski acted outside her jurisdiction to effectively lower Ransom's bail. As discussed above, one exception to judicial immunity is when the actions were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11. When analyzing whether a judge acted in complete absence of all jurisdiction, the scope of jurisdiction must be construed broadly. *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of

his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (citation omitted).

"A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). In *Stump*, the Supreme Court illustrated this concept with examples:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. at 357 n. 7. Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

At worst, Budeski committed a procedural error when she agreed to release Ransom. She did not act in clear absence of all jurisdiction. Budeski had subject matter jurisdiction over several aspects of criminal prosecutions, including the initial setting of bail in felony proceedings. MCA § 46-7-102(2). Assuming Budeski violated MCA § 46-9-201, it was the sort of error "that does not pierce the cloak of immunity." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981). The error is similar to *Stump*'s example of the criminal court judge convicting a defendant of a nonexistent crime. While Budeski may have erred, she

10

did not act in the complete absence of all jurisdiction; she merely acted in excess of her jurisdiction. This exception to judicial immunity does not apply.

### D. Objection #3.

For their third objection, the Plaintiffs state:

> Magistrate Ostby erred in dismissing Plaintiffs' Complaint in it's [*sic*] entirety, where the Complaint is sufficient to put Defendants' [*sic*] on notice of the conduct complained of and it cannot be said that Plaintiffs' [*sic*] "can prove no set of facts" in support of their claims for relief[.]

(Doc. 10 at 2). The Plaintiffs contend that Judge Ostby relied on facts not before her or that could not be properly inferred from the Complaint. (*Id.* at 10).

However, the Plaintiffs do not to identify any specific facts that Judge Ostby improperly considered. L.R. 72.3(a) provides: "An objection filed pursuant to 28 U.S.C. § 636(b)(1) must itemize: (1) each factual finding of the Magistrate Judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and (2) each recommendation of the Magistrate Judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation." The Court rejects the Plaintiffs' argument, because the Plaintiffs fail to point to any specific facts to support their contention that Judge Ostby relied on facts not before her.

The Plaintiffs' claim that their Complaint contains sufficient facts to put the Defendants on notice of their claims misses the point. Judge Ostby assumed each

11

factual allegation as true. Even with this assumption, the Complaint still fails to state a legally viable claim.

## *E. Objection #4.*

The Plaintiffs' fourth objection pertains to Judge Ostby's conclusion that Budeski's actions were taken in a judicial capacity. The Plaintiffs contend that since MCA § 46-9-201 did not give Budeski jurisdiction to lower or allow substitute bail, she acted in an administrative capacity, and thus does not possess judicial immunity.

Judicial immunity does not extend to "nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. The issue is not whether Budeski violated MCA § 46-9-201; the issue is whether Budeski performed "a function normally performed by a judge." *Stump*, 435 U.S. at 362. The following factors are used to determine whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989).

"These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072,

12

1076 (9th Cir. 1986). An example of an administrative act, which would not be considered "judicial," is a judge's decision to fire a subordinate employee. *Meek v. County of Riverside*, 183 F.3d 962, 968 (9th Cir. 1999). An administrative act does not include a decision that a judge routinely makes in her courtroom.

Here, all the factors show that Budeski acted in a judicial capacity when she set Ransom's bail and again when she modified it. Setting bail is a judicial function. *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976). Budeski heard counsel's argument on the bail amount either in chambers or in court. Her conduct was prescribed by statute. This issue arose out of Ransom's appearance in Budeski's courtroom. Since the setting and reduction of bail is a function normally performed by a judge, Plaintiffs' argument fails.

## *F. Objection #5.*

The Plaintiffs' fifth objection challenges Judge Ostby's conclusion that the alleged facts do not give rise to a constitutional violation. The Plaintiffs claim that if judges are allowed to take Budeski's approach of accepting 10% of the bail amount, the business of writing bail bonds would be eradicated.

"[T]he pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations." *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 65 n.4 (9th Cir. 1994). However, that liberty interest is not deprived if there is only a "brief interruption." *Conn v.*

13

*Gabbert*, 526 U.S. 286, 292 (1999). Only "a complete prohibition of the right to engage in a calling might implicate due process." *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003) (internal citation omitted).

Here, Budeski's actions did not prohibit the Plaintiffs from engaging in their business pursuits. The Plaintiffs are free to write surety bonds for other defendants. Simply put, neither Budeski nor Park County have infringed on the Plaintiffs' property or liberty interest to engage in the business of writing bail bonds. They remain free to pursue their occupation.

### G. Objection #6.

In their sixth objection, the Plaintiffs again challenge Judge Ostby's conclusion regarding Budeski's judicial immunity. Specifically, the Plaintiffs assert that accepting 10% of Ransom's originally set bail is not a judicial act, but rather an administrative or ministerial act. This Court already rejected this argument in responding to the Plaintiffs' fourth objection.

### H. Objection #7.

The Plaintiffs' seventh objection challenges Judge Ostby's recommendation that Count Five should be dismissed without prejudice for refiling in state court. The Plaintiffs base their argument on the assumption that the first four counts should not be dismissed, and that this Court should exercise pendant jurisdiction over Count Five. This Court agrees with Judge Ostby's recommendation and

dismisses the first four counts. Accordingly, the Court declines to address this question of state law and dismisses Count Five without prejudice.

## IV. Conclusion

IT IS HEREBY ORDERED that:

1. For reasons discussed herein, Judge Ostby's Findings and Recommendations (Doc. 9) are ADOPTED.

2. Defendants' Motion to Dismiss (Doc. 3) is GRANTED. Counts One, Two, Three, and Four are dismissed with prejudice. Count Five is dismissed without prejudice.

DATED this 5th day of September, 2014.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge